CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 04 2013

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THREE RIVERS LANDING OF GULFPORT, LP, and APOLLO TAX CREDIT FUND – X3 LIMITED PARTNERSHIP<br><br>Plaintiffs,<br><br>v.<br><br>THREE RIVERS LANDING, LLC, HG DEVELOPER, INC., UNLIMITED CONSTRUCTION, INC., MARK D. KINSER, and HORIZON MANAGEMENT INC.,<br><br>Defendants. | Case No. 7:11-cv-00025<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. James C. Turk<br>Senior United States District Judge |

This matter is presently before the Court on two related motions: (1) the Defendants' Motion for Leave to File a Counterclaim, ECF No. 48; and (2) Plaintiffs' Motion to Strike Counterclaim, ECF No. 44. Both motions are fully briefed and the Court heard oral argument on the motions on February 27, 2013, making them ripe for disposition. For the reasons set forth below, the Motion for Leave is **DENIED**, and the Motion to Strike is **GRANTED**.

I.     **BACKGROUND**

The factual and procedural background relevant to the two motions is fairly straightforward. On January 21, 2011, Plaintiffs filed a Complaint against Defendants, and defendants filed a Motion to Dismiss. The lawyers representing Defendants at that time were J. Scott Sexton and Maxwell H. Wiegard, of Gentry Locke Rakes & Moore, LLP. While that motion was pending, the parties attempted a settlement conference with Judge Urbanski of this Court in August 2011, which was apparently unsuccessful. ECF Nos. 23, 25, 26. After holding a

status conference, this Court denied the motion to dismiss on May 4, 2012. ECF Nos. 31, 32. Defendants subsequently filed an answer on May 29, 2012. The Answer did not contain a counterclaim.

Approximately six weeks later, on July 17, 2012, Defendants' attorneys moved to withdraw and to stay proceedings. The Court granted the motion to withdraw and gave Defendants until September 4, 2012 to obtain substitute counsel. On that deadline, Defendants' new counsel, Thomas Strelka, entered his appearance. Almost three months later, on November 27, 2012, Defendants filed, without leave of the Court, a Counterclaim against Plaintiffs. ECF No. 42. The Counterclaim contains four counts, titled by Defendants as: Tortious Intentional Misrepresentation (Count I), Conversion (Count II), Breach of Fiduciary Duty (Count III), and Breach of Construction Loan Agreement (Count IV). ECF No. 42.

Plaintiffs filed a motion to strike the Counterclaim, ECF No. 44, arguing both that it was improper because Defendants had not sought leave of court to file it, in violation of Fed. R. Civ. P. 13(a) and that, even had they sought leave, it should not be granted at this stage in the case. In particular, they argued that Defendants cannot establish good cause for failing to timely file the Counterclaim, and that they have failed to allege, let alone show, that former counsel's failure to file the Counterclaim was the result of inadvertence, oversight, or excusable neglect. They also argued that leave should be denied in any event because all four claims are subject to dismissal and thus amendment would be futile. See ECF No. 44.

In response, Defendants responded to the Motion to Strike and also filed a separate Motion for Leave to File their Counterclaim. In their response, Defendants posit that Plaintiffs will not suffer any prejudice sufficient to disallow the filing of the Counterclaim. They emphasize that, although the case has been pending for more than two years, the case has not

2

proceeded very far in terms of the litigation process. ECF No. 47 at 3. In particular, "very little formal discovery has been accomplished[,] . . . no depositions have occurred [and none] have . . . been scheduled." Id. at 4. Thus, they contend that any prejudice to Plaintiffs as a result, if it exists at all, is minimal. They also present arguments as to why they believe they have sufficiently pled the four counts in their Counterclaim.

Plaintiffs have likewise filed an opposition to the Motion for Leave. In it, Plaintiffs again emphasize their argument that substitution of counsel with a different opinion as to the merits of a counterclaim does not constitute sufficient reason for allowing a late amendment. Moreover, they explain again why they believe each of the claims in the Counterclaim is subject to dismissal and thus why allowing amendment would be futile. Finally, they not only assert that allowing amendment here would be prejudicial to Plaintiffs, but also suggest that the filing was in bad faith.

As the foregoing makes clear, although there are two motions pending before the Court, there is only one real issue: whether Defendants' Counterclaim should be allowed.

## II. DISCUSSION

### A. Legal Standards

As an initial matter, the Court notes that the counterclaim here is compulsory under Rule 13 because "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). As such, Defendants were required to include it at the time they filed and served their answer. See Fed. R. Civ. P. 13(a) (a compulsory counterclaim "must" be stated in a party's pleading). Here, of course, Defendants did not include the Counterclaim in their Answer, nor did they suggest in their Motion to Dismiss that they planned to file one.

3

Whether the Counterclaim should be allowed at this juncture in the case is governed by Fed. R. Civ. P. 15(a)(2), which requires the Court's leave to file an amended pleading in this circumstance, and states that the "court should freely give leave when justice so requires."[1] Both parties acknowledge this is a liberal standard for amendment; nonetheless, it is not without its limits. As the Fourth Circuit has explained, while "[m]ere delay in seeking leave to amend is not a sufficient basis" for denial, leave to amend may be denied "based on a balancing of the equities, including whether the non-moving party will be prejudiced, whether additional discovery will be required, and whether the court's docket will be strained." Barnes Group, Inc. v. C & C Prods., Inc., 716 F.2d 1023, 1035 n.35 (4th Cir. 1983) (citations omitted); see also Equal Rights Ctr. v. Niles Bolton Assoc., 602 F.3d 597, 604 n.3 ("We have repeatedly affirmed denials of motions to amend which change the character of the litigation late in the proceedings.") (citations omitted); Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 940-41 (4th Cir. 1995) (affirming district court's denial of motion for leave to amend to add counterclaim under Rule 15(a) where defendants sought leave to amend on the last day of discovery because it would have raised new issues and required new discovery); Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 440 (4th Cir. 2011) ("The fact that allowing the counterclaim would probably have necessitated additional discovery supports our conclusion that the district court's finding of prejudice was not an abuse of discretion.").[2]

---

[1] Because the Court had not previously entered a scheduling order setting a deadline for amending pleadings, it is not necessary for the Defendants to meet the higher standard of showing "good cause" for the amendment. See Fed. R. Civ. P. 16(b)(4) (allowing modification of a scheduling order "only for good cause").

[2] Defendants correctly note that the facts of Newport News Holdings Corp. involved more extreme prejudice than the facts in the present case. In particular, the amendment there was sought merely one month before trial, described by the district court as "the eleventh hour." 650 F.3d at 440. Here, by contrast, discovery has not yet closed and a trial date has not yet been set. Admittedly, that factor alone diminishes the potential prejudice to Plaintiffs. But the Court nonetheless concludes, as discussed herein, that the balance of equities in this case requires denial of the leave to amend.

4

## B. Defendants' Proposed Counterclaim

Applying the foregoing standards here, there are a number of factors that lead the Court to believe that leave to amend would not be proper. While delay alone is not a sufficient basis for the denial, it is a factor to be considered. The Court is concerned about the fact that the case has been pending for more than two years, and that the Counterclaim was filed approximately seven months after the Answer was originally filed. Additionally, although discovery is not yet complete, substantial efforts have already been expended by the parties to advance toward trial. Indeed, the parties exchanged limited discovery prior to the unsuccessful mediation, and they have crafted their discovery requests so far based on the claims already in the case. While it is true that a trial date has not yet been set, the Court concludes that some prejudice to Plaintiffs would occur if it were to allow the late amendment. The case is now progressing and allowing the amendment now would cause undue delay in getting this case ready for trial and tried. The Court does not fault new counsel for the delay, nor does it rest its decision on delay alone. It simply concludes that, looking at the case as a whole, to allow the delayed amendment and subject Plaintiffs to the possibility of defending four new claims in the case at this juncture would work a prejudice against them and unduly delay trial of the matter.

While the claims in the Counterclaim arise out of the same general occurrences as those in the Complaint, they are in fact new claims that almost certainly would require new and additional avenues of discovery to be explored and would likely prevent the case from moving forward and being resolved in a timely fashion. In short, the proposed counterclaim would certainly "change the character of the litigation" and it is indeed "late in the proceedings." See

5

Equal Rights Ctr., 602 F.3d at 604 n.3. For these reasons, the Court will not grant Defendants' leave to amend their Answer to add the Counterclaim.[3]

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Leave to Amend, ECF No. 48, is **DENIED** and Plaintiffs' Motion to Strike, ECF No. 44, is **GRANTED**. An appropriate order shall issue this day.

Additionally, the parties are hereby **ORDERED** to submit to the Court, not later than ten days after the entry of this Order, a joint proposed scheduling order setting forth a discovery deadline, a dispositive motions deadline, and a trial date.

**ENTER**: This 4th day of March, 2013.

James C. Turk
Senior United States District Judge

---

[3] In light of the Court's ruling, it is unnecessary for it to address the Plaintiffs' alternative argument that allowing amendment would be futile. The Court notes, however, that its preliminary analysis indicates that at least some of the proposed counts in the Counterclaim would be subject to dismissal.